## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Samantha and Shakoya Gavin, and
Tami Robinson,
     Plaintiffs,

v.                               CASE NO.:   8:12-cv-2275-T-23MAP

DAVID GEE, SHERIFF OF
HILLSBOROUGH COUNTY,
MAJOR HARTLEY,               42 U.S.C. §1981
SARGENT BALABAN,          42 U.S.C. §1982
Deputy J. VAN PELT,          42 U.S.C. §1983
NELLA QUEZADA, her husband   42 U.S.C. §1988(a)
and John or Jane Does 1-10
     Defendants.
_____/

## MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION PURSUANT TO Fed. R. Civ. P. 12 AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, Deputy J. Van Pelt ("Defendant"),[1] by and through the undersigned counsel, and files this Motion to Dismiss *Plaintiffs' Complaint for Declaratory Judgment and Injunction, ("Complaint")*, and states:

1. Although Plaintiffs' legal grounds and causes of action are difficult to discern, Plaintiffs' *Complaint* appears to contain prayers for relief requesting, among other things, declaratory judgment and injunctive relief.  It is clear that Plaintiffs' claims are related to their attempts to occupy and eventually take by adverse possession that certain real property with an address of 11404 Laurel Brook Court Riverview, 33569.  Specifically, Plaintiffs state that "[o]n August 27, 2012, Plaintiffs

---

[1] The instant *Motion to Dismiss* is submitted on behalf of Dep. Van Pelt only since under-signed counsel has obtained no information suggesting that any of the other Defendants associated with the Hillsborough County Sheriff's Office have been served.

took adverse possession (according to the formalities of Florida law) of that certain real property located at 11404 Laurel Brook Court, Riverview, Florida, 33569, and filed a claim for adverse possession with Rob Turner, the Hillsborough County Property Appraiser, in full compliance with all relevant provisions of Florida Statutory law."

2.  Plaintiffs further claim that "[s]tarting on September 26, 2012, and continuing on October 1 and 2, 2012, without any sworn complaint having been filed against them for Trespassing, without any Court Order for Writ of Possession, the Hillsborough County Sheriff's Department has mercilessly and relentlessly threatened the Plaintiffs with false arrest and ordered them to vacate the premises."  Plaintiffs further allege that they "... are all African-American women and they allege that they have been singled out on account of their race, their social status, and their sex (and resultant perceived weakness) pursuant to a custom, practice, or policy of either the State of Florida and/or the Hillsborough County Sheriff's Office or both to differentially define and enforce the laws regarding adverse possession, trespass, and so to deprive African-Americans, especially economically disadvantaged women, of their equal rights under the law... "

3.  Plaintiff's *Complaint* contains five counts, as follows:

(A) Count One is titled "**Constitutional Declaratory Judgment The Federal Rules of Civil Procedure Must Not Be Constructed So As To Deny The First Amendment Right To Petition.**" Count One states that Plaintiffs "... wish to allege a conspiracy between the Banks and the Hillsborough County Sherriff's [sic] Department and other similar law enforcement entities in the Middle District of Florida, together with Florida State Circuit & District Court Bench and Bar to fix the outcome of civil adverse possession claims and procedures on the one hand, and the Hillsborough Sheriff's consistent patter [sic] of harassment and intimidation by 'color of law' threats

of adverse possessors on the other, all in favor of the Banks."  Plaintiffs then request a "... Federal Injunction AGAINST state court litigation and criminal prosecution against them until their complaint in this case has been first fully developed by Rule 27 and related pre-filing, pre-framing discovery..."  Plaintiffs also "... pray for prospective declaratory and injunctive relief to protect themselves from unconstitutional and unlawful prosecution or suit for the exercise of their rights to adversely possess abandoned property such as but not limited to 11404 Laurel Brook Court, Riverview, Florida 33569..."

(B) Count Two is titled "**Constitutional Declaratory Judgment The Right To Collateral Attack Protected By The First, Ninth, & Fourteenth Amendments**."  Count Two requests that this Court, pursuant to the First, Fifth, Ninth, Tenth and Fourteenth Amendments, establish a right to petition for relief in civil proceedings similar to criminal *Habeas Corpus*, predicated on the State of Yucatan laws of "*juicio de amparo*" and the Roman civil laws of "*vindicatio."*

(C) Count Three is titled **"Discovery Prior to Collateral Attack."**  Count Three requests that this Court authorize discovery, including the taking of several depositions.  After said depositions, Plaintiffs "... fully expect to be able to file their completed complaint describing the customary, practical, and political but consistent and systematic discriminatory treatment of African Americans in particular, among those who assert adverse possession to property according to Florida common and statutory law."  Furthermore, Plaintiffs claim that they need this Court to "... allow discovery...  to prevent a failure of justice and to perpetuate testimony which (especially in this digitized computer age) might well be destroyed by the time Plaintiffs could (without Rule 27(a)) pierce the many veils of secrecy inherent in the modern financial industry and actually have a chance to discovery the real nature of the transactions or occurrences between the banks... and Florida law

enforcement and judicial officials... giving rise to the impression of 'case fixing' agreements...''

(D) Count Four is titled **"Imposition of *Lis Pendens*."**  This Count requests that the Court Order that Plaintiffs' lawsuit act as a *lis pendens* "... in order to preserve the status quo..." because Plaintiffs' lawsuit "... affects both legal title to and equitable ownership and beneficial use of the subject property, 11404 Laurel Brook Court, Riverview, Florida 33569..."  Plaintiffs further request that their *lis pendens* be imposed "... throughout the pendency (and, if necessary, the appeal) of the action, or at least for the full year allowed by law (until October 2013)."

(E) Count Five is titled **"First & Ninth Amendment Freedoms To Use And Occupy Abandoned Property Beneficially."**  This count requests that this Court "... declare and adjudge, pursuant to 42 U.S.C. §§1981, 1982 and 1983, that it is a reserved common law right of the people under the Ninth Amendment adversely to possess property, and that African-Americans should have the same right as White Citizens to acquire and maintain beneficial use and ownership of property... [and] Plaintiffs believe that it is a sin to leave property unused or to force others to suffer for the avarice and hoarding gluttony of others, including the anonymous and soulless banks and financial holding companies in this country who have caused not less than a million and (according to some reports) as many as two million formerly usable homes to stand vacant in the State of Florida, rotting and decaying...  Plaintiffs further ask this Court to find, adjudge, and declare as a matter of First Amendment Free Exercise as well as Ninth Amendment reserved rights to beneficially occupy and wholesomely use abandoned property, and that whatever injury or loss is suffered by the banks and financial credit and holding companies is and will always be more than compensated by the increased prosperity and security of the people who will be able to support themselves through adverse possession rather than to become wards or otherwise dependent upon the social services of

the state or federal welfare authorities."

4.  However, pursuant to FED. R. CIV. P. 12(b)(6), Plaintiffs' *Complaint* fails to state a cause of action and fails to seek relief this Court can or should grant regarding Plaintiffs' attempts to occupy and eventually obtain ownership of real property through adverse possession.  This includes Plaintiffs' requests for injunctive or declaratory relief which are insufficiently pled and/or should otherwise be dismissed by this Court.

## MOTION TO DISMISS STANDARD

5.  In determining whether to grant a motion to dismiss pursuant to FED. R. CIV. P. 12, the Court should consider the allegations in the Complaint as true and the Complaint should be construed in the light most favorable to Plaintiff.  However, conclusory allegations and unwarranted deductions of fact should not be accepted as true.  *Gersten v. Rundle*, 833 F.Supp. 906, 910 (S.D. Fla. 1993) (quoting *Associated Builders v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). Accordingly, failure to properly allege facts necessary to support Plaintiff's claims should result in the dismissal of their Complaint.  *See e.g. Vaughn v. Kerley*, 897 F.Supp. 1413 (M.D. Fla. 1995).

## MEMORANDUM OF LAW:
## I.  PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF AND THEREFORE THOSE REQUESTS SHOULD BE DISMISSED

6.  Plaintiffs "... pray for prospective declaratory and injunctive relief to protect themselves from unconstitutional and unlawful prosecution or suit for the exercise of their rights to adversely possess abandoned property such as but not limited to 11404 Laurel Brook Court, Riverview, Florida 33569..."

7.  However,  Plaintiffs' request for declaratory relief should be dismissed because Plaintiffs have failed to sufficiently plead for relief.  The elements for a claim for declaratory relief include:

(A) that there is a bona fide, actual, present practical need for the declaration;  (B) that the declaration should deal with a present, ascertained set of facts;  (C) that there is some person or persons who have an actual, present, adverse and antagonistic interest in the subject matter;  (D) that the antagonistic and adverse interests are all before the court;  (E) that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. *Trianon Condominium Ass'n, Inc. v. QBE Ins. Corp.,* 741 F.Supp.2d 1327 (S.D. Fla. 2010);  *May v. Holley,* 59 So.2d 636, 639 (Fla. 1952).

8.   The essential test of the sufficiency of a complaint for declaratory judgment is not whether a plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all.  *Meltzer v. Board of Public Instruction of Orange County, Fla.*, 548 F.2d 559 (5th Cir. 1977); *Wilson v. County of Orange*, 881 So.2d 625 (Fla. 5th DCA 2004).

9.   In this case, Plaintiffs have failed to state a cause of action for declaratory relief because they have failed to sufficiently allege the elements required to sustain a cause of action and cannot adequately plead said elements, as follows:

(A)   Plaintiffs have failed to sufficiently allege that there is a bona fide, actual, present practical need for their requested declaration.  Plaintiffs have no basis to assert that the Defendants are doing anything other appropriately enforcing the criminal laws of the State of Florida.  Plaintiffs have not asserted, and indeed cannot assert, that the laws related to adverse possession relieve, insulate or are a defense to the crime(s) they have committed in entering the property located at 11404 Laurel Brook Court, Riverview, Florida 33569.  Instead, Plaintiffs claim that "... the laws of the State of Florida are deficient in the provisions necessary to furnish further remedies and adequately punish offenses against the laws private property and the integrity of legal processes for

the acquisition of such property, including but not limited to adverse possession under the laws of the United States and the State of Florida."  Furthermore, Plaintiffs have not asserted, and cannot assert, that the laws related to adverse possession entitle them to any legal interest which would enable them to reside in or stay on the property located at 11404 Laurel Brook Court, Riverview, Florida 33569.  For example, "[adverse possessors] stated belief that they held title to properties in question did not shield them from liability for trespass, fraud, or any action brought by legal owner." *U.S. v. Turgeon*, 149 Fed.Appx. 144 (C.A.4 (Va.) 2005); *See also Brandt v. Robertson*, 266 F.2d 456 (C.A.D.C. 1959).   "Moreover, acquisition of rights by one in the lands of another, based on possession or use, is not favored in the law and the acquisition of such rights will be restricted. Any doubts as to the creation of the right must be resolved in favor of the owner. *Guerard v. Roper*, 385 So.2d 718 (Fla. 5th DCA 1980); *Downing v. Bird*, 100 So.2d 57 (Fla.1958)." *Sarasota Welfare Home, Inc. v. City of Sarasota*, 1997 WL 374688 (Fla. Cir. Ct. 1997). Also, "[t]he use or possession must be inconsistent with the owner's use and enjoyment of his lands and must not be a permissive use, for the *use must be such that the owner has a right to a legal action to stop it such as an action for trespass or ejectment*." *Bentz v. McDaniel*, 872 So.2d 978 (Fla. 5th DCA 2004) *(Emphasis added);  See also Gay Bros. Const. v. Florida Power,* 427 So.2d 318 (Fla.App. 5th DCA 1983). Finally, Plaintiffs' claim that "[o]n August 27, 2012, Plaintiffs took adverse possession (according to the formalities of Florida law) of that certain real property located at 11404 Laurel Brook Court, Riverview, Florida, 33569" is clearly inaccurate from the text of Plaintiffs' *Complaint.*  Instead, Plaintiffs have only admitted that they trespassed and possibly burglarized the property located at 11404 Laurel Brook Court, Riverview, Florida, 33569, and that they may have started the "statute of limitations" to eventually gain title to property through adverse possession.  In the meantime,

however, Plaintiffs have no actual interest, legal or otherwise, in the property located at 11404 Laurel Brook Court, Riverview, Florida 33569, and accordingly there is no bona fide, actual, present need for any declaration from this Court.

(B) Plaintiffs have not sufficiently pled and/or cannot establish that their requested declaration would deal with a present, ascertained set of facts.  Instead, Plaintiffs' *Complaint* urges that this Court take action based on hypothetical or prospective concerns of the Plaintiffs. Additionally, the obvious implication of Plaintiffs' requested relief would not be limited to just this case.  Instead, Plaintiffs are attempting to improperly expand the rights or entitlement of a person that is attempting to adversely possess another's property.  Accordingly, Plaintiffs have failed to adequately articulate and assert a concern that Defendant's actions deal with a specific set or facts.

(C) Plaintiffs have failed to sufficiently plead and/or cannot establish that they have an actual, present, adverse and antagonistic interest in the subject matter.  Aside from occupying the property,[2] the only action Plaintiffs have taken regarding 11404 Laurel Brook Court, Riverview, Florida 33569, is that they have purportedly "... filed a claim for adverse possession with Rob Turner, the Hillsborough County Property Appraiser, in full compliance with all relevant provisions of Florida Statutory law."  However, the provisions of Florida law pertaining to adverse possession are found in § 95.16, Fla. Stat. (relating to adverse possession with color of title) and § 95.18, Fla. Stats. (relating to adverse possession without color of title).  Neither of those statutes confer any additional rights upon an adverse possessors to occupy, reside or trespass upon the property during the period in which the property is being adversely possessed.  Plaintiffs have cited to no law standing for that proposition.  Therefore, just because Plaintiffs may have filed a "claim" for adverse possession, they

---

[2] Potentially by committing the crimes of trespass and/or burglary.

do not have any actual, present, adverse or antagonistic interest in the property at 11404 Laurel Brook Court, Riverview, Florida 33569.  Accordingly, since Plaintiffs' *Complaint* establishes that Plaintiffs have not possibly complied with the Florida statutes which could (after seven years) confer upon them title through adverse possession,[3] Plaintiffs have no actual, present, adverse or antagonistic interest in this matter.

(D) Plaintiffs have failed to state a cause of action for declaratory relief since not all antagonistic and adverse interests are before this Court.  Specifically, Plaintiffs' *Complaint* requests an injunction "... against the Hillsborough County Sheriff's Office, and all its employees and agents, *and all other state or municipal police forces or prosecutors in Hillsborough County." (Emphasis added).*  However, none of the "other state or municipal police forces or prosecutors" are named as parties to this action even though they would be necessary parties in this litigation since they could be called upon to enforce the challenged laws or take action against Plaintiffs.[4]

(E) Plaintiffs have failed to state a cause of action because the relief they seek is merely the giving of legal advice by this Court.  "The federal courts may grant declaratory relief only in the case of an 'actual controversy.'... The test for determining whether complaint seeking declaratory relief survives a mootness challenge is whether there exists 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' *McCorkle*, 416 U.S. at 122, 94 S.Ct. 1694." *National Parks v. U.S. Army Corps of Engineers*, 574 F.Supp.2d 1314, 1327 (S.D. Fla. 2008).  As discussed above, there is no

---

[3]  Including, but not limited to, § 95.16(1) and § 95.18(1), Fla. Stats., both requiring seven years of continuous possession.

[4]  Of note, however, Plaintiffs have included as a party to this action the listed owner (Nelly Quezada) of the property located at 11404 Laurel Brook Court, Riverview, Florida 33569.

actual dispute between the parties in this case.  Also, Plaintiffs have alleged no connection between their activities, which may or may not violate Florida's criminal laws, and any actions taken by Defendants.  Accordingly, Plaintiffs are simply not entitled to a declaration of rights where they cannot allege that Defendants have taken any actual action which would entitle them to declaratory relief and they are simply seeking an opinion from this Court as to the legality of their actions.

10.   Accordingly, Plaintiffs have failed to adequately plead the elements for declaratory relief and are otherwise not legally entitled to a declaration of rights by this Court, pursuant to Ch. 86, Fla. Stat., FED. R. CIV. P. 12(b)(6), and Fla. R. Civ. P. 1.140(b)(6), and therefore, Plaintiffs' request should be dismissed by this Court.

11.   Plaintiffs also request "... a Federal Injunction AGAINST state court litigation and criminal prosecution against them..."  However, Plaintiffs have failed to allege and are unable to document any pending action by the Defendants that would entitle them to an injunction.  Instead, Plaintiffs' entire basis for requesting injunctive relief is their claims related to the "threatened" or potential future enforcement of Florida's criminal laws against them.

12.   In order to obtain a preliminary injunction, a plaintiff must show (A) a substantial likelihood of success on the merits; (B) irreparable injury; (C) the threatened injury outweighs whatever damage the proposed injunction may cause; and (D) if issued, the injunction would not be adverse to the public interest.  *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000).  Furthermore, a "...preliminary injunction is an extraordinary and drastic remedy not to be granted until the movant 'clearly carries the burden of persuasion' as to the four prerequisites. 'The burden of persuasion in all of the four requirements is at all times upon the plaintiff.' "  *U.S. v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) *(quoting Canal Authority v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974));

*Cunningham v. Adams*, 808 F.2d 815, 819 (11th Cir. 1987); *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir.1985); *Northeastern Florida v. Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). In addition, each of the above referenced elements must be supported by clear, definite and unequivocally sufficient factual findings before a court can enter a temporary injunction. *See e.g. Winkle Pontiac Motorsports, Inc. v. Shepherd*, 699 F.Supp. 1572 (N.D.Ga. 1988); *Duke v. Cleland*, 954 F.2d 1526 (11th Cir. 1992); *Colucci v. Kar Kare*, 918 So.2d 431, 438 (Fla. 4th DCA 2006).

13.   In this case, Plaintiffs have failed to adequately plead or allege the required and necessary elements to obtain an injunction, as follows:

(A) Plaintiffs have failed to state a cause of action for an injunction because they have not shown a substantial likelihood of success on the merits. On the contrary, Plaintiffs' reference to and reliance upon ancient Republic of Yucatan law, Roman law, and their expressed desire to change existing law establishes their understanding that current laws do not support the relief they request. Put another way, Plaintiffs are essentially requesting that this Court enter an Order or Orders allowing them to trespass on and occupy 11404 Laurel Brook Court, Riverview, Florida 33569, without the consent of the owner[5] and without any criminal or civil consequences, while the adverse possession statute of limitations runs. It seems unlikely that any court would allow such an obvious misuse or abuse of the judicial system and therefore, Plaintiffs have not shown a substantial likelihood of success with their claims.

(B) Plaintiffs have failed to state a cause of action because they can allege no scenario where they would sustain irreparable injury or where there is no other adequate remedy at law. The

---

[5] No where in Plaintiffs *Complaint* do they allege that they have consent of the owner to occupy or be on the property at 11404 Laurel Brook Court, Riverview, Florida 33569.

underlying, fundamental principle upon which a court's equity jurisdiction rests is the lack of an adequate remedy at law, which is also the general prerequisite for the exercise of a court's equitable power in granting injunctive relief. *See e.g. In re Stanford*, 68 F.Supp.2d 1352 (N.D. Ga. 1999); *Stoner v. South Peninsula*, 75 So. 2d 831 (Fla. 1954); *Johnson v. Killian*, 27 So. 2d 345 (Fla. 1946); *Neel v. Williams Communication*, 638 So. 2d 1017 (Fla. 2d DCA 1994); *Barclays American v. Holmes*, 595 So. 2d 104 (Fla. 5th DCA 1992); *SeaEscape, Ltd., Inc. v. Maximum Marketing*, 568 So. 2d 952 (Fla. 3d DCA 1990); *Turner v. Grifs Western*, 565 So. 2d 874 (Fla. 4th DCA 1990). In this case, Plaintiffs have established no irreparable injury or even any injury that would not be alleviated by money damages, if any. For example, Plaintiffs' attempts to avoid the threat of prosecution is insufficient for purposes of obtaining an injunction because a criminal charge also provides an adequate remedy at law by raising any potential defenses in the criminal prosecution. *Jackson v. King*, Not Reported in F.Supp.2d, 2010 WL 434462 (M.D. Ala. 2010). *3299 N. Federal Hwy. v. BOCC Broward County*, 646 So.2d 215 (Fla. 4th DCA 1994); *Palenzuela v. Dade County*, 486 So.2d 12 (Fla. 3d DCA 1986). Furthermore, it is only when the State's purpose in bringing criminal proceedings is to retaliate for, or to deter, prosecution of civil lawsuit that a civil plaintiff's constitutional rights are violated. *Wilson v. Thompson*, 593 F.2d 1375 (C.A.Ga. 1979). Plaintiffs have made no such allegations in their *Complaint.* Instead, Plaintiffs allege that certain Defendants may have warned Plaintiffs that they may be exposing themselves to criminal sanctions based on their actions. Under the scenario presented in Plaintiffs' *Complaint,* this is hardly a well-pled allegation of a violation of their civil rights. Plaintiffs also allege that the actions they complain of may be racially motivated. However, Plaintiffs have provided no substantiation of these allegations, and mere allegations of this nature, without more, do not amount to an adequate civil rights

complaint.  Specifically, a mere suggestion of irreparable harm does not constitute sufficiently pleading for injunctive relief.  *Jameson v. Pine Hill Development, LLC,* Not Reported in F.Supp.2d, 2007 WL 623807 (S.D.Ala. 2007);  *Hiles v. Auto Bahn*, 498 So.2d 997 (Fla. 4th DCA 1986). Accordingly, if any of the Defendants were to unconstitutionally overstep their authority or to actually violate Plaintiffs' civil rights, Plaintiffs may then be able to articulate a claim under 42 USC §1983.  Furthermore, Plaintiffs have failed to allege or establish any "actual injury" element as required by *Bounds v. Smith,* 430 U.S. 817 (1977) and its progeny.  *See e.g. U.S. v. Smith*, 907 F.2d 42 (6th Cir. 1990); *Lewis v. Casey*, 518 U.S.343 (1996); *Reitmire v. Florida Attorney General, et al*, 2008 WL 341439 (M.D. Fla. 2008).  Moreover, Plaintiff has failed to adequately allege or demonstrate actual injury as a result of any interference or failure on the part of any specific Defendant.  The absence of a showing of actual harm to a claim of arguable merit with regard to the Plaintiff's own constitutional rights can be a fatal defect.  *Lindsay v. Hunter*, 2008 WL 2042515 (M.D. Fla. 2008), citing *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Lewis v. Casey*, 518 U.S.343, 349-351 (1996).  Therefore, Plaintiffs have not made any allegations that would support the finding of irreparable injury or that there is no adequate remedy at law.

(C) Plaintiffs' threatened injury does not outweighs any damage the proposed injunction may cause.  Plaintiffs have not asserted what their injuries would be, how their injuries would threaten them, whether their injuries would threaten their income, or provided any other details about an irreparable injury that would result if an injunction was not imposed by this Court.  Indeed, the only injury apparent from Plaintiffs' *Complaint* is that they may not be allowed to continue to trespass on and occupy the property at 11404 Laurel Brook Court, Riverview, Florida 33569, during the time period wherein they are purportedly adversely possessing said property.  However, Plaintiffs'

*Complaint* fails to articulate any rights or entitlement to trespass on or occupy said property against the wishes of the property owner.  As discussed above, merely suggesting irreparable harm does not constitute sufficiently pleading for injunctive relief.  *Jameson v. Pine Hill Development, LLC,* Not Reported in F.Supp.2d, 2007 WL 623807 (S.D.Ala. 2007);  *Hiles v. Auto Bahn*, 498 So.2d 997 (Fla. 4th DCA 1986).  Irreparable harm does not exist where the potential loss is compensable by money damages.  *Finalca Casa De Bolsa, C.A. v. Bank of America, N.A.*, Not Reported in F.Supp.2d, 2010 WL 1540050 (S.D.Fla. 2010);  *B.G.H. Insurance v. Presidential Fire*, 549 So.2d 197 (Fla. 1st DCA 1989);  *Barclays v. Holmes,* 595 So.2d 104 (Fla. 5th DCA 1992).  Accordingly, Plaintiffs' *Complaint* has established no legal or proprietary interest by Plaintiffs to occupy said property and any order granting an injunction on their behalf would needlessly and inappropriately impair the interests and rights of the property's actual owner.

(D) If issued, an injunction would be adverse to the public interest since an injunction would infringe on the actual owner's rights to use and enjoy their own property.  The public interest is not served if a plaintiff can invoke this Court's equity jurisdiction by simply filing a pleading claiming that it is operating legally and having said pleading operate as a bar to appropriate criminal and civil proceedings.  Furthermore, it is not in the public interest to require a law enforcement agency to come forward and explain when, why and how the agency may or may not invoke its investigative powers to confirm or dispel a potential violation of the law.  Additionally, the public interest is not served if law enforcement officials are required to appear in court each time a potential criminal suspect asserts they are conducting themselves legally.  Finally, Plaintiffs' requested injunction would potentially violate the separation of powers, because the investigation of suspected criminal

activity is limited to the executive branch.[6]   Accordingly, there is no possible scenario wherein the granting of the Plaintiffs' requested injunction would be in the public interest.

14. Furthermore, Plaintiffs assert that they have "... filed a claim for adverse possession with Rob Turner, the Hillsborough County Property Appraiser..."   However, no claims or other documents are attached to or incorporated in Plaintiffs' *Complaint.*  Pursuant to Florida Rule of Civil Procedure 1.130 (a), "[a]ll ... contracts... or documents upon which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading..."   "The object of this rule, in requiring such a copy to be attached, is... to apprize the defendant of the nature and extent of the cause of action alleged against him in order that he may plead thereto with greater certainty."   *U.S. Rubber Products v. Clark*, 200 So. 385 (Fla. 1941);  *Diaz v. Bell MicroProducts*, 43 So.3d 138 (Fla. 3d DCA 2010). Furthermore, where a complaint is based on a written instrument, the complaint does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in the complaint.  *Samuels v. King Motor Co.*, 782 So.2d 489 (Fla. 4th DCA 2001). Ultimately, the entire basis for Plaintiffs' claims is that they are "... in full compliance with all relevant portions of Florida Statutory law..." due to their filing of a "claim" for adverse possession.  However, the fact that Plaintiffs have failed to attach these, presumably relevant, documents to their *Complaint* should be construed as a fatal defect by this Court.  Accordingly, because Plaintiffs have failed to attach or incorporate necessary and relevant documents to their *Complaint,* they have failed to state a cause

---

[6] *See e.g. Wise v. Heddell,* Slip Copy, 2010 WL 2688730 (M.D.Ga.2010); *State v. Gibson*, 935 So.2d 611 (Fla. 3d DCA 2006);  Article II, Section 3, Fla. Const.;  *Andrews v. Florida Parole Comm.,* 768 So.2d 1257, 1268 (Fla. 1st DCA 2000); *Smith v. Meese*, 821 F.2d 1484 (11th Cir. 1987); *Sharrard v. State*, 998 So.2d 1188, 1192 (Fla. 4th DCA 2009) *citing to State Attorney for the 11th Circuit v. Polites,* 904 So.2d 527, 532 (Fla. 3d DCA 2005); *Sweat v. Daley,* 156 So. 720 (Fla. 1934).

of action against the Defendants.

15.   Accordingly, pursuant to FED. R. CIV. P. 12(b)(6), Plaintiffs have failed to state a cause

of action for declaratory and injunctive relief, and their requests should be dismissed by this Court.

## II.  PLAINTIFFS' REQUESTS FOR EXTENSIONS, MODIFICATIONS, AND/OR REVERSALS OF EXISTING LAW AND THE ESTABLISHMENT OF NEW LAW SHOULD BE DISMISSED

16.   Count Two of Plaintiffs' *Complaint* requests that, pursuant to the First, Fifth, Ninth,

Tenth and Fourteenth Amendments, this Court establish a right to petition for relief in civil

proceedings similar to criminal *Habeas Corpus* relief, predicated on the State of Yucatan laws of

"*juicio de amparo*" and the Roman civil laws of  "*vindicatio."*

17.  Specifically, Plaintiffs explain their understanding of the history of the *"writ of amparo"*

and, "... ask this Court to fashion or adopt a constitutional writ of *amparo,* pursuant to the Ninth

Amendment."  Furthermore, Plaintiffs also base this request on "... the Roman Civil Law action of

*vindicatio* to protect and secure and protect the private ownership of all *res mancipi* including homes

and land (real property)."   Plaintiffs "... submit that this court should order and authorize the

Plaintiffs to conduct or else the court should (under its special powers pursuant to 42 U.S.C. §1988

(a)-(c)) commission a survey of adverse possess claimants and eviction victims in Florida to collect

their experiences regarding Florida judicial process, to consider the evidence provided by this survey

when completed."

18.   Ultimately, Plaintiffs request this Court "... to authorize, fashion, and recognize, as a

matter of federal common law, an American version of *jucio de amparo* or *vindicatio* as the civil

equivalent of Habeas Corpus by which a collateral attack to defend the rights to acquire and maintain

ownership of property taken by adverse possess against all but true legal and beneficial owners of

such property, and to enforce all rights and obligations of contract, by guaranteeing equal access both to non-judicial processes such as adverse possession and ultimately to the Courts, and to maintain equal rights to offer and present evidence in those courts, may be protected from wrongful, unconstitutional, infringement, abrogation, and/or abridgment."

19.  *Habeas corpus* is a writ which typically requires a person under arrest to be brought before a judge or into court to insure that the prisoner can be released if the detention is unlawful. Accordingly, *habeas corpus* is intended for and would typically always involve issues related to a petitioner's confinement.  *See e.g. Boyden v. Bell*, 631 F2d 120, 123 (C.A. 9, Wash. 1980), *cert den. Re Boyden* 454 US 1051 1981); *Grant v. State of Georgia*, 358 F.2d 742 (C.A.Ga. 1966); *Robinson v. Leahy*, 401 F. Supp. 1027 (N.D. Ill. 1975).

20.  "The 'Great Writ,' as it has been called by the Supreme Court from John Marshall's day to this, is available by statute in four different situations. [A] A little-used provision permits it to issue if a foreign citizen is in custody for some act done under color of authority from his country and international law is involved. [2]  It will issue also when a person is held by a state for some act done pursuant to federal authority, but provisions for removal of such cases diminish the need for habeas corpus in these situations. [3]   The writ will issue to test the detention of any person held under custody of the United States.  This provision is still of much importance in non-criminal cases and in other matters that are not directly related to a federal criminal conviction.  It is or has in the past been useful to test such things as commitment to a mental hospital, court-martial convictions, deportation, exclusion of aliens, extradition, orders of an Indian tribal court, military service, parole, removal, and [other confinement issues]. [4]  The habeas procedure has recently been invoked quite importantly to challenge the detention of U.S. citizens being held within the United States as so-

called 'enemy combatants,' as well as foreign nationals captured in Afghanistan and being held at a U.S. military facility in Guantanamo Bay, Cuba."  17B Fed. Prac. & Proc. Juris. § 4261 (3d ed.), Chapter 12 - Relations of State and Federal Courts, (G) Habeas Corpus, (September 2012) *(Citations omitted)*.

21.  Accordingly, the scope of *habeas corpus* relief has expanded beyond merely requiring a person under arrest to be brought before a judge or court to review the legality of their detention. However, what Plaintiffs are requesting is that a *habeas corpus* analysis be expanded further and applied to their efforts to trespass on and occupy 11404 Laurel Brook Court, Riverview, Florida 33569, without any criminal or civil consequences, while they wait for statute of limitations for adverse possession to expire.  No legal authority has been found (aside from possibly the *writ of amparo* or a Roman civil law action of *vindicatio*) which would support this Court's granting of Plaintiffs' request.

22.  Accordingly, Plaintiffs have failed to state a cause of action to extend, modify and/or reverse existing law and to establish new law, and therefore said requests should be dismissed.

### III.  PLAINTIFFS' REQUESTS TO ENGAGE IN DISCOVERY ARE PREMATURE, CONTRARY TO THE FEDERAL RULES OF CIVIL PROCEDURE AND SHOULD BE DISMISSED

23.  Plaintiffs request that this Court authorize discovery, including the taking of several depositions, after which, the Plaintiffs "... fully expect to be able to file their completed complaint describing the customary, practical, and political but consistent and systematic discriminatory treatment of African Americans in particular, among those who assert adverse possession to property according to Florida common and statutory law."  Plaintiffs further state that "... without utilizing some judicial tools of discovery, the Plaintiffs lack the resources to gather a 'plausible' set of facts

necessary to support allegations of a civil conspiracy between the Banks, the Hillsborough County

Sheriff's Office, and the State Bar & Bench...[so] Plaintiffs herein submit that the standards for Rule

8(a) should be relaxed to permit investigation of widely suspected conspiracies involving public

corruption... [and] Plaintiffs such as Samantha & Shakoya Gavin and Tami Robinson are crippled

in the face of such inequality, but neither can they wait to file suit to protect their rights - they need

both the protection of the courts and the opportunity to engage in meaningful investigation by the

use of the discovery procedures allowed by Federal Rules 26-35."

24.   Despite Plaintiffs' requests for the "relaxation" of FED. R. CIV. P. 8, their requests are

immaterial since they have failed to state a cause of action against the Defendants.  By admitting that

they do not have the factual basis to support their claims, yet making them anyway, Plaintiffs appear

to have admitted that their factual assertions do not have evidentiary support, in contravention of

FED. R. CIV. P. 11(b).

25.   The procedures for discovery in this action are contained in, among other rules, Title V

of the Federal Rules of Civil Procedure and Chapter 3 of the Local Rules for the Middle District of

Florida.  Plaintiffs have presented no compelling argument why said Rules are inadequate or should

not apply to this case.  Specifically, Plaintiffs' claims that, upon conducting discovery, they will then

be able to articulate a claim only support the conclusion that they may have violated FED. R. CI. P.

11(b).

26.   Furthermore, at the dismissal stage, a defendant's conduct as alleged in a plaintiff's

complaint is scrutinized for objective legal reasonableness.  *Behrens v. Pelletier*, 516 U.S. 299, 309

(1996).  Certainly, some of the Defendants in this lawsuit are likely entitled to qualified immunity.

Those Defendants are entitled to a dismissal prior to the commencement of discovery based on

qualified immunity if, as is the case here, a plaintiff fails to sufficiently state a claim of a constitutional violation of clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Furthermore, a civil rights complaint may be dismissed as insufficient where, as here, the allegations it contains are vague and conclusory. *Fullman v. Graddick,* 739 F. 2d 553, 556-557 (11th Cir. 1984).

27.   The Supreme Court has "... held, however, that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process. [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,559 (2007)]... ('It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side' (internal quotation marks and citation omitted))... The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.' *Siegert  v. Gilley*, [500 U.S. 226 (1991)] (KENNEDY, J., concurring in judgment)." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

28.   Furthermore, Plaintiffs' *Complaint* should be dismissed due to qualified immunity. Specifically, the pleadings of a *pro se* litigant are to be held to a less stringent standard than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, even a *pro se* litigant must still meet minimal pleading standards. *Olsen v. Lane*, 832 F.Supp. 1525 (M.D. Fla. 1993).   In any pleadings, even those drafted by a *pro se* litigant, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Gersten v. Rundle*, 833 F.Supp. 906, 910 (S.D. Fla. 1993) (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).   Therefore, failure to properly allege facts necessary to support Plaintiff's claims and complaints which contain

only vague and conclusory allegations, as here, should result in the dismissal of Plaintiff's *Complaint*. *See e.g. Vaughn v. Kerley*, 897 F.Supp. 1413 (M.D. Fla. 1995); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003); *Fullman v. Graddick,* 739 F. 2d 553, 556-557 (11th Cir. 1984).

29.   At the dismissal stage, a defendant's conduct as alleged in a plaintiff's complaint is scrutinized for objective legal reasonableness. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). Defendants are entitled to a dismissal prior to the commencement of discovery based on qualified immunity if a plaintiff fails to sufficiently state a claim of a constitutional violation of clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

30.   In this case, Plaintiffs have failed to present this Court or Defendants with a sufficient factual basis to understand their claims or justify the relief they seek. FED. R. CIV. P. 8(a)(2) requires that Plaintiffs' *Complaint* must contain "a short and plain statement of the claim showing that the pleader is entitled to relief..."   However, Plaintiffs have failed to explain their allegations with sufficient detail that would allow an appropriate response to be filed by the Defendants. Accordingly, each individual Defendant cannot appropriately respond to the factual allegations, complaints, and assertions in Plaintiffs' *Complaint*, and may have no authority, jurisdiction, or responsibility to respond to said allegations, complaints, and assertions.

31.   Therefore, Plaintiffs have failed to adequately state a basis for their discovery request and have failed to state a cause of action under which relief can be granted, and their request should be denied and their *Complaint* should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

### IV.  PLAINTIFFS' REQUEST FOR A *LIS PENDENS* IS NOT SUPPORTED BY ANY APPLICABLE LAW AND THEREFORE SHOULD BE DISMISSED

32. Plaintiffs also request that, pursuant to § 48.23, Fla. Stat. (2012), their *Complaint* will

act as a *lis pendens* "... in order to preserve the status quo..." because Plaintiffs' lawsuit "... affects both legal title to and equitable ownership and beneficial use of the subject property, 11404 Laurel Brook Court, Riverview, Florida 33569..."

33. However, Plaintiffs acknowledge that this would require "... changes in existing law... [including but not limited to] (1) a modification or relaxation of the *Bell Atlantic v. Twombly/Ashcroft v. Iqbal* standard of pleading in the context of private litigation between grossly unequal parties, to provide a 'level playing field', (2) to expand and enhance the scope of pre-filing discovery provided by Rule 27 (a) of the Federal Rules of Civil Procedure, and (3) to allow the Plaintiffs to impose and maintain a *lis pendens* on the real property, subject of this litigation, at 11404 Laurel Brook Court, Riverview, Florida 33569..."

34. Furthermore, "[t]o have standing with regard to a lis pendens action, one must have ownership rights in the property. *Penabad v. A.G. Gladstone Assocs., Inc.*, 823 So.2d 146, 147 (Fla. 3d DCA 2002)." *FCD Development, LLC v. South Florida Sports Committee, Inc.,* 37 So.3d 905 (Fla.4th DCA 2010). "The purpose of a lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court. It is simply a notice of pending litigation. *Allstate Finance Corp. v. Zimmerman*, 272 F.2d 323 (5th Cir. 1959). The effect of a lis pendens on the owner of property, however, is constraining. For all practical purposes, it would be virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit. Thus the Florida statute provides that the court may control the *lis pendens* as if it were an injunction unless the pleading shows 'that the action is founded on a duly recorded instrument, or on a mechanic's lien,' which was not the case here... *See Clark v. Kreidt,* 145 Fla. 1,

199 So. 333 (1940) *(En banc);* Florida Rules of Civil Procedure, Rule 1.610, 31 F.S.A.; Federal

Rules of Civil Procedure, Rule 65.*"   Coral Isle West Ass'n, Inc. v. Cindy Realty, Inc.*, 430 F.Supp.

396, 398 (D.C. Fla. 1977).

35.   In *Coral Isle West Ass'n, Inc. v. Cindy Realty, Inc.*, 430 F.Supp. 396 (D.C. Fla. 1977),

the Court found that "... the suit does not directly affect the real property. A thorough reading of the

complaint, review of the evidence, and study of the brief and supplemental brief of the appellants

do not convince us otherwise... it appears clear that the plaintiffs can be afforded complete relief on

any claim that they make in this lawsuit without reference to the title to the real property covered by

the *lis pendens*. Under the Florida cases a *lis pendens* is proper only when the required relief might

specifically affect the property in question. *De Pass v. Chitty*, 90 Fla. 77, 105 So. 148 (1925); *Green*

*v. Roth*, 192 So.2d 537 (Fla.App.1966). There is no other justification for burdening the alienability

of the property pending the outcome of the lawsuit."  *Coral Isle West Ass'n, Inc. v. Cindy Realty,*

*Inc.*, 430 F.Supp. 396, 398 (D.C. Fla. 1977).

36.   A similar analysis achieves the same result in this case.  Here, Plaintiffs are requesting

that this Court enter an Order or Orders allowing them to trespass on and occupy 11404 Laurel

Brook Court, Riverview, Florida 33569, without any criminal or civil consequences, while they wait

for the statute of limitations for adverse possession to run.   In support of this, Plaintiffs are

requesting the imposition of a *lis pendens* on the property during the resolution of their claims.

However, Plaintiffs' *Complaint* neither asserts nor establishes any actual ownership or proprietary

interest in the subject property.  Plaintiffs have not, and can not, assert any legal authority that they

have established some ownership interest in the subject property simply by virtue of their having "...

filed a claim for adverse possession with Rob Turner, the Hillsborough County Property Appraiser,

in full compliance with all relevant provisions of Florida statutory law."

37.  Accordingly, Plaintiffs have failed to state a cause of action which would justify the imposition of a *lis pendens* against the property located at 11404 Laurel Brook Court, Riverview, Florida, 33569, and said request should be dismissed or otherwise denied.

## V.  CONCLUSION

38.  In ruling on a motion to dismiss for failure to state a cause of action, the trial court must assume that all allegations are true and decide whether the plaintiff would be entitled to relief. However, where there has been a failure to state a cause of action or where there is no allegation that a defendant can respond to, the pleading should be dismissed.

39.  In this case, even assuming that all of the allegations in Plaintiffs' *Complaint* are true in this case, Plaintiffs have failed to state a cause of action, as argued above.   Accordingly, Defendants requests that this Court grant this *Motion to Dismiss*, and dismiss Plaintiffs' *Complaint for Declaratory Judgment and Injunction*.

WHEREFORE, DEFENDANT Deputy J. Van Pelt, submits this *Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment & Injunction Pursuant to FED. R. CIV. P. 12,* and requests that this Honorable Court enter an Order dismissing this action and reserving judgement to enter an Order awarding reasonable attorney's fees, together with such further Orders as justice demands.

Respectfully Submitted this 29th day of October, 2012.

*/s/ Christopher E. Brown  - Trial Counsel*
Christopher E. Brown, Esq.
Florida Bar No. 0986010
Attorney for Defendant Deputy J. Van Pelt
2008 East 8th Avenue

Post Office Box 3371
Tampa, Florida  33601
813-247-8133; Fax 813-242-1817
Email: chrisbro@hcso.tampa.fl.us

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send an electronic notice to: Samantha Gavin and Shakoya Gavin[7] at tamigodslady@gmail.com, and Tami Robinson, Well Pavilion Empowerment Center, 3304 Sanchez Street, Tampa, Fl., 33605, at tamigodslady@gmail.com.

*/s/ Christopher E. Brown  - Trial Counsel*
Christopher E. Brown, Esq.
Florida Bar No. 0986010
Attorney for Defendant, David Gee,
Sheriff of Hillsborough County
2008 East 8th Avenue
Post Office Box 3371
Tampa, Florida  33601
813-247-8133; Fax 813-242-1817
Email: chrisbro@hcso.tampa.fl.us

---

[7] Note: Plaintiffs Samantha Gavin and Shakoya Gavin listed "11404 Laurel Brook Court, Riverview, Florida 33569" as their address in the *Complaint.* Based on the arguments made above, Defendant suggests that is not a valid address for those Plaintiffs.